# EXHIBIT B



**Your Missouri Courts**

ase.net

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print        GrantedPublicAccess  Logoff DPJOHNSON1

**23BU-CC00225 - SARINA WILSON V CLARIOS, LLC (E-CASE)**

| Case Head Viewer | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**          Sort Date Entries: ⦿          Display Options:
**Click here to Respond to Selected Documents**                Descending                [ All Entries ▾ ]
                                        ○ Ascending

---

**02/27/2023**  ☐  **Notice of Service**
RETURN OF SERVICE; Electronic Filing Certificate of Service.

**02/24/2023**  ☐  **Agent Served**
Document ID - 23-SMCC-80; Served To - CLARIOS LLC; Server - ; Served Date - 24-FEB-23; Served Time - 07:35:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - LCW - J. CHAPMAN INTAKE SPECIALIST

**02/21/2023**  ☐  **Entry of Appearance Filed**
ENTRY OF APPEARANCE OF TAYLOR ARRI; Electronic Filing Certificate of Service.
    **Filed By:** TAYLOR MICHELLE ARRI
    **On Behalf Of:** SARINA WILSON

**02/16/2023**  ☐  **Entry of Appearance Filed**
ENTRY OF APPEARANCE of Deborah J. Blakely; Electronic Filing Certificate of Service.
    **Filed By:** DEBORAH J BLAKELY
    **On Behalf Of:** SARINA WILSON

**02/10/2023**  ☐  **Summons Issued-Circuit**
Document ID: 23-SMCC-80, for CLARIOS LLC.

☐  **Trial Setting Scheduled**
    **Scheduled For:** 05/01/2023;  9:00 AM ;  KATE H SCHAEFER;  Buchanan

**01/31/2023**  ☐  **Filing Info Sheet eFiling**
    **Filed By:** BRYAN TURNER WHITE

☐  **Note to Clerk eFiling**
    **Filed By:** BRYAN TURNER WHITE

☐  **Pet Filed in Circuit Ct**
PETITION FOR DAMAGES; Exhibit A; Exhibit B.
    **Filed By:** BRYAN TURNER WHITE
    **On Behalf Of:** SARINA WILSON

**01/31/2023**  ☐  **Judge Assigned**

---

Case.net Version 5.14.62                    Return to Top of Page                    Released 02/03/2023

https://www.courts.mo.gov/casenet/cases/searchDockets.do?inputVO.caseNumber=23BU-CC00225&inputVO.courtId=CT05&inputVO.isTicket=false      1/1

Electronically Filed - Buchanan - January 31, 2023 - 12:13 PM

IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI

SARINA WILSON )
2815 Olive Street )
St. Joseph, Missouri 64507 )
    Plaintiff, )
     )
vs. )   Case No.:
     )
CLARIOS, LLC )
**Serve Registered Agent:** )
CT Corporation System )
120 S Central Ave )
Clayton, Missouri 63105 )
     )
    Defendant. )

## PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through counsel, and for her Petition for Damages, states as follows:

## PARTIES

1.    At all times relevant herein, Plaintiff has been a resident of St. Joseph, Buchanan County, Missouri.

2.    Defendant Clarios, LLC ("Clarios") is a foreign LLC. At all times relevant herein Defendant is and was an "employer" under the Missouri Human Rights Act.

## JURISDICTION AND VENUE

3.    Plaintiff files her Petition pursuant to the Missouri Human Rights Act (MHRA), § 213.010, RSMo. *et seq.*, on behalf of herself and all those similarly situated.

4.    Plaintiff timely filed her charge of discrimination with the MCHR within 180 days of the acts herein complained of. A true and correct copy of Plaintiff's charge of discrimination is attached hereto as Exhibit A and incorporated herein by reference.

1

5.      Plaintiff has filed suit within 90 days of receiving the Notice of Right to Sue. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit B and incorporated herein by reference.

6.      Jurisdiction and venue are proper in this Court because the events complained of occurred in this county and the causes of action arise under Missouri law.

**FACTS COMMON TO ALL COUNTS**

7.      Plaintiff was employed by Defendant from September of 2020 to October 19, 2021.

8.      Beginning in 2021, Plaintiff was treated differently than her male coworkers. Male coworkers were allowed to mock, mistreat, and speak inappropriately to Plaintiff with no consequences.

9.      In March of 2021, a male employee named Larry was continually mocking Plaintiff and making negative comments to her. Larry would also laugh at Plaintiff. Larry did not treat his male coworkers with this kind of disrespect and harassment.

10.     Larry would often gather a group of male co-workers, whisper, laugh, and smirk at Plaintiff as she walked by. They would make noises at Plaintiff and laugh loudly at her as she passed them.

11.     In March of 2021, Plaintiff reported the mistreatment to her supervisor, Gary Coder. Mr. Coder told Plaintiff she needed to just ignore the harassment. Mr. Coder told her they were just being "silly" and "horsing around" and she needed to try to stay away from them. Mr. Coder did not address the behavior with Larry and it continued.

12.     The harassment continued until Plaintiff again reported the behavior in late March of 2021. Plaintiff went to Mr. Coder's office and was crying, and it is only when

2

Plaintiff was broken down to the point of tears from the harassment that Mr. Coder talked to Larry about his behavior.

13.    The harassment died down a few months after Mr. Coder talked to Larry about his behavior, but to Plaintiff's knowledge no one was disciplined, and no investigation was completed.

14.    In September of 2021, another male employee Charles, approached Plaintiff as she was leaving Mr. Coder's office, and stated, "You stupid hoe, you better watch yourself."

15.    Plaintiff's husband was standing nearby, and Charles repeated, "you better watch your girl" multiple times to him.

16.    Plaintiff felt fearful, threatened, and tried to get Charles to stop harassing her.

17.    Gary Coder then came out of his office and Plaintiff informed him she believed Charles was making threatening and harassing comments to her.

18.    Upon information and belief, Gary Coder heard some of the harassing comments Charles was saying.

19.    Rather than discipline the perpetrator, Gary Coder suspended Plaintiff for three days in direct retaliation for her complaints of harassing and discriminatory treatment she was subjected to because of her sex/gender.

20.    After this incident, Plaintiff made a complaint to HR regarding Charles' behavior and told them she did not feel comfortable working around him. Charles was still allowed to continue working near and around Plaintiff.

21.     Plaintiff then attempted to make a complaint to her union rep. As she was leaving the meeting with her union representative, Charles was waiting in the hallway with two other men, attempting to intimidate Plaintiff.

22.     Charles and the other men made "baby noises" at Plaintiff, indicating to her they found her complaints to be childish and "whiny".

23.     At the end of September 2021, Plaintiff was again harassed by Charles who would continually laugh, stare at, and attempt to intimidate Plaintiff.

24.     On September 27, 2021, Charles approached Plaintiff and repeatedly muttered "f*ck you."

25.     On September 28, 2021, Larry approached Plaintiff and said, "None of you guys know how to do shit."

26.     On October 1, 2021, Charles got on the company intercom system and started repeating the "baby noises" that he and the other men had been making at Plaintiff after her meeting with the union representative to make a complaint, just the week before.

27.     Plaintiff again spoke with her union representative, but nothing was done to address the harassment and discrimination.

28.     On October 6, 2021, while Plaintiff was performing her work duties pouring acid into batteries, Larry and Charles were putting paper or black tape in the holes where the acid is to be poured, thereby preventing the acid from being poured into the battery and ruining the batteries when Plaintiff would attempt to pour the acid in them. This behavior was not only harassment, it was also an attempt to get Plaintiff into trouble in direct retaliation for her complaints.  Further, the behavior created a dangerous job environment for Plaintiff, in that the batteries could have a bad reaction to acid being

4

poured on the battery instead of in the battery, and could have splashed onto Plaintiff injuring her..

29.     Also on October 6, 2021, another male employee approached Plaintiff and began making and repeating the same "baby noises" at Plaintiff that Charles had made over the intercom. Again, Plaintiff took this to mean her male co-workers found her complaints to be childish and "whiny."

30.     Plaintiff made a complaint to Rodney Gracin, a higher up supervisor, about the continued harassment, including the harassment over the intercom. Mr. Gracin told her that "Some boys just don't grow up" and that Plaintiff should ignore them.

31.     Plaintiff even asked Mr. Gracin to review camera footage to see how she was being treated, but to Plaintiff's knowledge he did not do so.

32.     An investigation into Plaintiff's complaints was never completed.

33.     Plaintiff continued to be harassed and mistreated because of her sex/gender and was forced to resign when Defendant continued to ignore her complaints and refused to address the discriminatory and hostile working environment.

34.     Plaintiff gave her two weeks' notice and intended to continue to work the two weeks. In her resignation letter, Plaintiff provided Defendant with a detailed complaint of the harassment and discrimination she had experienced because of her sex/gender.

35.     Plaintiff never received a response to her written complaint.

36.     Plaintiff was then exposed to COVID. When Plaintiff returned to work with her negative test result, Plaintiff was told she needed to speak with HR because she had been reported as a no call/no show, even though Plaintiff had clearly communicated with her supervisor and had been told only to return with a negative COVID test.

5

37.     When Plaintiff received her final paycheck, she did not receive overtime pay she was entitled.

38.     After Plaintiff separation of employment from Defendant, rumors were spread about her private sex life and that she has a "list" of employees she had slept with. Plaintiff was informed of these rumors by another employee that still worked for the company. This was an attempt to embarrass and humiliate Plaintiff on the basis of her sex/gender.

**COUNT I**
**GENDER DISCRIMINATION & HARASSMENT**

39.     Plaintiff incorporates the foregoing allegations as though set forth fully herein.

40.     Plaintiff is a member of a protected group under the Missouri Human Rights Act because she is female.

41.     Plaintiff was subjected to unwelcome gender discrimination and harassment during her term of employment, including offensive and degrading comments, and subjecting Plaintiff to different standards and treatment than that afforded male employees.

42.     Defendant's discrimination and harassment toward Plaintiff were based on and because of Plaintiff's gender and sex, female.

43.     Defendant's actions constitute an unlawful employment practice in violation of RSMo. § 213.115 because Plaintiff's sex / gender, female, was a motivating factor therein.

44.     Plaintiff was subjected to unwelcome harassment and gender discrimination on a consistent and regular basis during her term of employment.

6

45.     The harassment and gender discrimination perpetrated against Plaintiff affected a term, condition, or privilege of Plaintiff's employment and/or was sufficiently severe or pervasive to alter or affect the conditions of Plaintiff's employment and create a hostile, abusive, and offensive work environment.

46.     Defendant's conduct constitutes a continuing violation of the MHRA.

47.     Plaintiff reported the harassment and gender discrimination to Defendant.

48.     Defendant knew or should have known of the gender discrimination and harassment against Plaintiff, as alleged herein, and failed to implement prompt and appropriate corrective action.

49.     Defendant maintained inadequate written policies, procedures, or guidelines with respect to discrimination and harassment based on and because of Plaintiff's gender and sex.

50.     Defendant's conduct constitutes intentional discrimination and harassment against Plaintiff, with malice, and/or reckless disregard of Plaintiff's known rights.

51.     The gender discrimination and harassment perpetrated against Plaintiff affected a term, condition, or privilege of Plaintiff's employment and/or was sufficiently severe or pervasive to alter or affect the conditions of Plaintiff's employment and create a hostile, abusive, and offensive work environment.

52.     Defendant's conduct constitutes an intentional pattern and practice of discrimination and harassment based on and because of Plaintiff's gender and sex.

53.     Defendant failed to take appropriate and prompt remedial action in response to incidents of and complaints of gender discrimination and harassment.

54.     Defendant intentionally subjected Plaintiff to gender discrimination and

harassment through the actions set forth in the foregoing paragraphs, all in violation of the Missouri Human Rights Act.

55.     Defendant's actions as set forth above constitute an intentional pattern and practice of gender discrimination and harassment in violation of the Missouri Human Rights Act.

56.     Plaintiff was damaged by the discrimination and harassment and is entitled to all remedies available to her as provided in the Missouri Human Rights Act, including but not limited to damages for loss of income, embarrassment, humiliation, emotional distress, damage to her reputation, diminution in earnings capacity, and other damages as yet undetermined, and Plaintiff is reasonably expected to suffer from such damages in the future.

57.     Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will punish Defendant and deter Defendant and others from like conduct.

58.     Any cap or limitation on Plaintiff's damages that may be imposed by RSMO § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury, Mo. Const. art. I, § 22(a); separation of powers, Mo. Const, art. II, § 1; the right to equal protection, Mo. Const, art. I, § 2; the prohibition on special legislation, Mo. Const, art. III, § 40; and the right to due process. Mo. Const. art. I. § 10.

59.     Any cap or limitation on punitive damages is unconstitutional in that it violates Plaintiff's right to trial by jury, Mo. Const. art. I, § 22(a); separation of powers, Mo. Const, art. II, § 1; the right to equal protection, Mo. Const, art. I, § 2; the prohibition on

special legislation, Mo. Const, art. III, § 40; and the right to due process. Mo. Const. art. I. § 10.

WHEREFORE, Plaintiff requests that the Court grant her judgment against Defendant in an amount that is fair and reasonable, for punitive damages, for her costs and attorneys' fees, and for such other relief as this Court deems just and proper.

<u>**COUNT II**</u>
<u>**RETALIATION**</u>

60.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

61.     Plaintiff reported and objected to incidents of gender discrimination and harassment perpetrated against her.

62.     Plaintiff submitted complaints of gender discrimination and harassment against herself to management.

63.     Plaintiff opposed Defendant's practices of gender discrimination and harassment by reporting the discrimination to her superiors and to human resources.

64.     Defendant retaliated against Plaintiff by suspending her for three days, failing to take any remedial action to address the behavior, allowing Plaintiff to be continually harassed and threatened in the workplace, reporting her as a no call/no show, and allowing Plaintiff's workplace to be a hostile working environment to the point Plaintiff was forced to resign, effectively discharging her.

65.     Defendant took no remedial action in response to Plaintiff's complaints.

66.     Defendant's retaliation toward Plaintiff was because Plaintiff reported and opposed the gender discrimination and harassment against her.

9

67.     Defendant's conduct constitutes intentional retaliation against Plaintiff, with malice, and/or reckless disregard of Plaintiff's known rights.

68.     Defendant's actions as set forth above constitute an intentional pattern and practice of retaliation in violation of the Missouri Human Rights Act.

69.     As a direct and proximate result of Defendant's unlawful acts of retaliation, Plaintiff has suffered damages, including, but not limited to, economic loss in the form of lost wages and lost benefits, future wages and lost earnings, and emotional and mental distress.

70.     Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

71.     Any cap or limitation on Plaintiff's damages that may be imposed by RSMO § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury, Mo. Const. art. I, § 22(a); separation of powers, Mo. Const, art. II, § 1; the right to equal protection, Mo. Const, art. I, § 2; the prohibition on special legislation, Mo. Const, art. III, § 40; and the right to due process. Mo. Const. art. I. § 10.

72.     Any cap or limitation on punitive damages is unconstitutional in that it violates Plaintiff's right to trial by jury, Mo. Const. art. I, § 22(a); separation of powers, Mo. Const, art. II, § 1; the right to equal protection, Mo. Const, art. I, § 2; the prohibition on special legislation, Mo. Const. art. III, § 40; and the right to due process. Mo. Const. art. I. § 10.

WHEREFORE, Plaintiff requests that the Court grant her judgment against Defendant in an amount that is fair and reasonable, for punitive damages, for her costs and attorneys' fees, and for such other relief as this Court deems just and proper.

WHITE, GRAHAM, BUCKLEY, & CARR L.L.C.

By: /s/ Bryan White
      BRYAN T. WHITE    58805
      DEBORAH J. BLAKELY  47138
      TAYLOR M. ARRI    72685
      19049 E. Valley View Pkwy, Suite C
      Independence, Missouri 64055
      (816) 373-9080  / Fax (816) 373-9319
      bwhite@wagblaw.com
      dblakely@wagblaw.com
      tarri@wagblaw.com

      ATTORNEYS FOR PLAINTIFF

11

Electronically Filed - Buchanan - January 31, 2023 - 12:13 PM

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| X FEPA | E-12/21- 53552 |
| X EEOC | 28E-2022-00277C |

Missouri Commission on Human Rights  and EEOC

*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| **Sarina Wilson** | **816-261-0124** |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| **2815 Olive Street** | **St. Joseph, MO 64507** | **11/25/1985** |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| **Clarios, LLC** | | **816-353-5300** |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| **2330 SW Lower Lake Rd** | **St. Joseph, MO 64504** | **Buchanan** |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| | *EARLIEST (ADEA/EPA)*     *LATEST (ALL)* |
| [ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] AGE | **11/5/2021** |
| [X] RETALIATION   [ ] NATIONAL ORIGIN   [ ] DISABILITY   [ ] OTHER *(Specify)* | [ ] CONTINUING ACTION |

THE PARTICULARS ARE *(if additional paper is needed, attach extra sheet(s)):*

I file this charge on behalf of myself and all those similarly situated.

I began working at Clarios, LLC in September of 2020. I have repeatedly been treated differently at work because I am a woman, which has made me feel extremely uncomfortable and has only gotten worse over time.

During the past year, male employees have been allowed to mock me and mistreat me without repercussions. For example, in March of 2021, a male employee named Larry continually mocked me, made negative comments to me, and laughed at me. Larry did not treat men with the same disrespect and harassment. I reported the mistreatment to Gary Coder, my boss and supervisor. He did nothing in response to my first report. I had to report these issues to Gary twice before someone took action to address Larry's behavior.

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 12|10|21     *Sarina Wilson* | |
| Date    Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

Electronically Filed - Buchanan - January 31, 2023 - 12:13 PM

EEOC FORM 5 (10/94)

## PAGE TWO

More recently, a male employee named Charles subjected me to harassment and threats because I am a woman. On September 16, 2021, I was exiting Gary's office and Charles approached me, stating, "You stupid hoe, you better watch yourself." My husband is also a Clarios employee and was standing nearby. Charles repeated "You better watch your girl" to my husband multiple times. I felt fearful and threatened and argued back to Charles to try and get him to stop. Gary Coder came out of his office during this encounter and I believe he heard Charles making some of the threats towards me. I was then suspended for three days, although I did not initiate this conflict, nor make any threats to Charles. It is unacceptable for the company to allow a male employee like Charles to keep his job while also suspending me for trying to fight against gender-based harassment and threats.

In connection with this incident, I told Human Resources about Charles' treatment of me and his threats and told Human Resources I did not feel comfortable working around him. After this incident, the company continued to allow Charles to work near and around me. So, I went to Matt McBride, our union steward, and told him I felt uncomfortable working with Charles working near me. Matt told me that it "wouldn't count" to file a grievance. When I came around the corner, Charles was in the hallway, making comments and standing with other two men, trying to intimidate me. No one put a stop to his conduct. I was told that Chuck Tolson, the head of the union, was supposed to speak with me, but I never heard from him or anyone else with the company about my complaints.

On September 29, 2021, I again encountered Charles and he continued laughing, staring, and attempting to intimidate me. I again told Matt, the union steward, about the behavior. Matt told he me he was going to talk to human resources and Rodney Grayson, the supervisor over the whole formation department, on my behalf. This never occurred and no one did anything to keep this discriminatory, intimidating, and harassing behavior from happening. In fact, the company continued to require me to work around Charles and, in the weeks that followed, Larry again confronted me and harassed me. I felt the work environment was been made hostile due to the discriminatory conduct against me because of my gender and because of my prior complaints of discrimination and harassment. I told the company to review the camera footage to see the way I was being harassed, but to my knowledge the company never reviewed the footage.

I believe the company's actions and mistreatment of me constitutes discrimination and harassment because I am a woman, and I have been retaliated against because of my complaints in violation of the law. This harassment and retaliation are in violation of company policy providing that no employee shall be harassed, intimidated, discriminated, or retaliated against. I feel like the company's attitude was that I should put up with the way I was treated, and the way women are treated at the company. My complaints were not addressed and nothing was done to protect me from harassment. When I reported them like the policy requires, Clarios did not investigate like it is required to do. In fact, it seemed the company always wanted to protect the men who were subjecting me to harassment and putting me in danger.

The harassment and retaliation and hostile environment caused me great stress and anxiety, and it was clear no real steps would be taken to change the atmosphere. No reasonable person would, or should, be required to accept working with the type of retaliatory and harassing conduct I experienced as a woman at Clarios. I was constantly and reasonably concerned that I was always at risk of being harassed. The company did not offer to investigate or fix the hostile environment, and it affected my ability to perform my job. By forcing me to either be fired, quit, or work in the hostile, harassing environment, the company made my employment intolerable and effectively terminated my employment. I had no choice but to resign and have therefore been constructively discharged.

I gave the company my two weeks notice in writing, which included a summary of all of these complaints and notice to them that I felt I had been treated differently and harassed because I am a woman.

12/10/21   _Sarina Wilson_

FILED

I planned to continue to work the two weeks and finish my commitment to the company. However, I was exposed to COVID and was forced to take a few days off to be tested. I was told by my supervisor that I could not come back to work unless I had a negative test result. When I returned to work with my negative test result, I was told I needed to speak to HR because I was documented as a no call/no show, though I clearly communicated with my supervisor the need to return with a negative COVID test. I believe this was in further retaliation for my complaints against the company, and an attempt to put negative marks on my employment record and was an act in furtherance of my constructive discharge.

After my written letter outlining the discrimination and harassment I experienced, I received no follow up communication from Clarios LLC in relation to my complaints and concerns.

After receiving my final paycheck, I realized that I had not been paid for the full amount of overtime I had worked during that pay period. I called and left a voicemail for HR and ask for them to please fix the issue and pay me for the overtime I had worked, but nothing was done. I believe this was in further retaliation of my complaints.

Upon further information and belief, there are rumors being circulated around my previous employment that I have a "list" of people I have slept with. This is very embarrassing and humiliating and I believe it is in further discrimination and retaliation on the basis of my sex.

I believe the actions of Clarios LLC are discriminatory acts based on my sex, and retaliation for complaints to the company regarding these discriminatory acts.

FILED

DEC 1 0 2021

MO Commission on Human Rights
Jefferson City Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
|  | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 12/10/21 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| Date       *Janina Wilson* Charging Party *(Signature)* | (Day, month, and year) |

EEOC FORM 5 (10/94)



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
**MISSOURI COMMISSION ON HUMAN RIGHTS**

Electronically Filed - Buchanan - January 31, 2023 - 12:13 PM

| **MICHAEL L. PARSON** | **ANNA S. HUI** | **TIMOTHY FABER, DMIN.** | **ALISA WARREN, PH.D.** |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Sarina Wilson
2815 Olive Street
Saint Joseph, MO 64507
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:   Sarina Wilson vs. CLARIOS, LLC
      E-12/21-53552  28E-2022-00277

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

December 13, 2022
Date

C:      additional contacts listed on next page

☒                          ☐                          ☐                          ☐

| **JEFFERSON CITY OFFICE** | **ST. LOUIS OFFICE** | **KANSAS CITY OFFICE** | **SIKESTON OFFICE** |
|---|---|---|---|
| 421 E. DUNKLIN STREET | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

RE:     Sarina Wilson vs. CLARIOS, LLC
E-12/21-53552  28E-2022-00277

CLARIOS, LLC
2330 S.W. Lower Lake Road
Saint Joseph, MO 64504
*Via Respondent Contact Email*

Sara A Weinberg, General Counsel-Global Labor & Employment
Clarios
Florist Tower
5757 N. Green Bay Ave
Milwaukee, WI 53209
Sara.a.weinberg@clarios.com

Bryan White
White, Graham, Buckley & Carr, LLC
19049 E. Valley View Parkway Suite C
Independence, MO 64055
bwhite@wagblaw.com



# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KATE H SCHAEFER | Case Number:  23BU-CC00225 |
| Plaintiff/Petitioner:<br>SARINA WILSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN TURNER WHITE<br>1010 WALNUT STE  400<br>KANSAS CITY, MO  64106 |
| Defendant/Respondent:<br>CLARIOS LLC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO  64501 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | **TRIAL SETTING SET FOR:**<br>**MAY 1, 2023 AT 9:00 AM, DIV 1** |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  CLARIOS LLC
**Alias:**

SERVE: REGISTERED AGENT
CT CORPORATION SYSTEM
120 S. CENTRAL AVE
CLAYTON, MO 63105

*COURT SEAL OF*



**BUCHANAN COUNTY**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____2/10/2023_____          _/s/Barbara Shryock_____
Date                                            Clerk
Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____          _____
Date                                            Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF BUCHANAN COUNTY
STATE OF MISSOURI

SARINA WILSON                          )
                                       )
              Plaintiff,               )
                                       )
-vs-                                   )  Case No.: 23BU-CC00225
                                       )
CLARIOS, LLC                           )
                                       )
              Defendants.              )
_____        )

ENTRY OF APPEARANCE OF DEBORAH J. BLAKELY

COMES NOW Deborah J. Blakely of the firm White, Graham, Buckley & Carr, LLC

and hereby enters her appearance as co-counsel for the Plaintiffs in the above-referenced

matter.

WHITE, GRAHAM, BUCKLEY, & CARR L.L.C.

By: /s/ Deborah J. Blakely_____
        DEBORAH J. BLAKELY     47138
        GENE P. GRAHAM, JR.    34950
        19049 E. Valley View Pkwy, Suite C
        Independence, Missouri 64055
        816-373-9080  Fax: 816-373-9319
        ggraham@wagblaw.com
        dblakely@wagblaw.com

        ATTORNEY FOR PLAINTIFFS

Electronically Filed - Buchanan - February 21, 2023 - 04:47 PM

IN THE CIRCUIT COURT OF BUCHANAN COUNTY
STATE OF MISSOURI

SARINA WILSON                        )
                                     )
                    Plaintiff,       )
-vs-                                 ) Case No.: 23BU-CC00225
                                     )
CLARIOS, LLC                         )
                                     )
                    Defendants.      )
_____     )

ENTRY OF APPEARANCE OF TAYLOR M. ARRI

COMES NOW Taylor M. Arri of the firm White, Graham, Buckley & Carr, LLC and hereby enters her appearance as co-counsel for the Plaintiffs in the above-referenced matter.

WHITE, GRAHAM, BUCKLEY, & CARR L.L.C.

By:  /s/ Taylor M. Arri
        TAYLOR M. ARRI         72685
        GENE P. GRAHAM, JR.    34950
        19049 E. Valley View Pkwy, Suite C
        Independence, Missouri 64055
        816-373-9080  Fax: 816-373-9319
        ggraham@wagblaw.com
        dblakely@wagblaw.com

        ATTORNEY FOR PLAINTIFFS

Electronically Filed - Buchanan - February 27, 2023 - 04:28 PM

# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KATE H SCHAEFER | Case Number: 23BU-CC00225 |
| Plaintiff/Petitioner:<br>SARINA WILSON | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN TURNER WHITE 58805<br>1010 WALNUT STE 400<br>KANSAS CITY, MO 64106 |
| vs. | |
| Defendant/Respondent:<br>CLARIOS LLC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501<br>**TRIAL SETTING SET FOR:**<br>**MAY 1, 2023 AT 9:00 AM, DIV 1** |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CLARIOS LLC
Alias:

**SERVE: REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**120 S. CENTRAL AVE**
**CLAYTON, MO 63105**

*COURT SEAL OF*

*BUCHANAN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 2/10/2023 | /s/Barbara Shryock |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _intake specialist_ _____ (title).

☐ other: _____

Served at _C T Corp_ (address)

in _St. Louis_ (County/City of St. Louis), MO, on _2/24/23_ (date) at _0735_ (time).

| _Steven McSwoing_ | _Steven McSwoing_ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
| | |
|---|---|
| Date | Notary Public |

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (____ miles @ $.____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

23-SMCC-1488